# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

KEVIN DAMION CRICHLOW,

        Plaintiff,

v.

BRIAN FISCHER, et al.,

        Defendants.

**DECISION AND ORDER**
15-CV-6252-EAW-JWF

In his complaint, plaintiff Kevin Damion Crichlow ("the plaintiff" or "Crichlow") alleges that he was deprived of adequate medical care. Currently before the Court is Crichlow's motion to appoint counsel (Docket # 237) and motion for discovery (Docket # 239), both of which were filed on June 5, 2017. Also before the Court is plaintiff's "declaration and memorandum of law in reconsideration motion," (Docket # 247) which I construe as a motion for discovery.[1]

Integral to these motions is a Decision and Order of the Honorable Elizabeth A. Wolford issued on March 8, 2017. That order, inter alia, denied in part defendants' motion for summary judgment (Docket # 177) and denied plaintiff's first motion to appoint counsel (Docket # 182). See Docket # 225. Defendants moved to reconsider parts of Judge Wolford's order on March 10, 2017. See Docket # 226. On March 13, 2017, Judge Wolford stayed

---

[1] Plaintiff's motion for injunctive relief (Docket # 245) is being heard by the Honorable Elizabeth A. Wolford.

1

discovery pending her decision on the motion for reconsideration. See Docket # 227. That motion has not yet been decided by Judge Wolford and thus the stay is still in effect.

Motion to Appoint Counsel (Docket # 237): Indigent civil litigants, unlike criminal defendants, do not have a constitutional right to counsel. See Burgos v. Hopkins, 14 F.3d 787, 789 (2d Cir. 1994). Nevertheless, a court has the discretion to appoint counsel to represent indigent litigants pursuant to 28 U.S.C. § 1915(e) when the facts of the case warrant it. Sears, Roebuck & Co. v. Charles W Sears Real Estate, Inc., 865 F.2d 22, 23 (2d Cir. 1988); see also In re Martin-Trigona, 737 F.2d 1254, 1260 (2d Cir. 1984). The Second Circuit set forth the factors to be considered in deciding whether or not to assign counsel in Hodge v. Police Officers:

> [T]he district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues, and any special reason in the case why appointment of counsel would be more likely to lead to a just determination.

802 F.2d 58, 61-62 (2d Cir. 1986).

In applying the Hodge factors, I believe plaintiff's allegations satisfy the initial threshold showing of merit. See, e.g., Mackey v. DiCaprio, 312 F. Supp. 2d 580, 582 (S.D.N.Y. 2004)

2

(finding that plaintiff's Eighth Amendment claims that defendants subjected him to cruel and unusual punishment satisfied threshold showing of merit); see also Allen v. Sakellardis, No. 02 CV 4373, 2003 WL 22232902, at *1-2 (S.D.N.Y. Sept. 29, 2003) (finding that plaintiff's allegation that correctional officers assaulted him while he was restrained "appears to have some chance of success"). Indeed, plaintiff's Eighth Amendment claims have already survived defendants' motion for summary judgment. See Docket # 225. However, after reviewing the complaint and considering the nature of the factual and legal issues involved, as well as plaintiff's ability to present his claims, I conclude that appointment of counsel is not warranted at this particular time.

"Volunteer lawyer time is a precious commodity" that "should not be allocated arbitrarily." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989). Here, plaintiff's pro se complaint is detailed in nature and adequately describes the events that allegedly led to his injuries. The factual circumstances surrounding plaintiff's claims do not appear to be unusually complicated and the legal issues alleged are not so complex as to make it impossible for plaintiff to proceed without counsel. Indeed, even though plaintiff affirmed that he does not have access to "legal materials," he has successfully represented himself in this case before Judge Wolford and this Court. See Docket # 237, at 1.

Accordingly, at this juncture at least, plaintiff appears sufficiently knowledgeable and equipped to understand and handle the litigation. See Castro v. Manhattan E. Suite Hotel, 279 F. Supp. 2d 356, 358 (S.D.N.Y. 2003) (denying appointment of counsel where "the case does not present novel or overly complex legal issues, and there is no indication that [plaintiff] lacks the ability to present his case"). In her March 8, 2017 Decision and Order, Judge Wolford recognized that plaintiff has "failed to show anything more than a remote possibility of success on the merits." Docket # 225, at 21. Given the limited resources available with respect to pro bono counsel, the Court finds no "special reason" why appointment of counsel now would be more likely to lead to a just determination. See Boomer v. Deperio, No. 03 CV 6348L, 2005 WL 15451, at *1-2 (W.D.N.Y. Jan. 3, 2005) (denying motion to appoint counsel despite plaintiff's claims that the matter was complex and he had a limited knowledge of law); Harris v. McGinnis, No. 02 CV 6481, 2003 WL 21108370, at *2 (S.D.N.Y. May 14, 2003) (denying motion for appointment of counsel where plaintiff "offered no special reason why appointment of counsel would increase the likelihood of a just determination"). Balancing the factors set forth in Cooper, the Court finds that appointing counsel is inappropriate at this time. Plaintiff's motion to appoint counsel (Docket # 237) is therefore **denied without prejudice**.

Motion for Discovery (Docket # 239): In his "notice of several motions," Crichlow argues that he is entitled to "video tape" and "evidence showing the abuse action is no [sic] time-barred." Docket # 239, at 1. Defense counsel responds by stating that although it is "extremely unlikely" that a video recording of the altercation in question still exists, he has made a request to preserve the recording. If it is still available defense counsel agrees a copy will be provided to plaintiff once the discovery stay has been lifted. Docket # 242 at 2. Therefore, Crichlow's motion to compel disclosure of the requested video and other documents is premature. If the case proceeds after Judge Wolford's decision on the motion for reconsideration, plaintiff may renew his demand for the above-referenced documents from the defendants. Accordingly, plaintiff's motion for discovery (Docket # 239) is **denied without prejudice** at this time.

"Reconsideration Motion" (Docket # 247): Plaintiff's "declaration and memorandum of law in reconsideration motion" appears to (1) set forth additional arguments related to his inadequate medical care claims and (2) demand copies of tapes that he alleges should have been turned over in discovery. To the extent this motion relates to plaintiff's claims of inadequate medical and dental care, those issues appear to be before Judge Wolford in the pending motion for reconsideration (Docket # 226) and motion for injunctive relief (Docket # 245). To the extent

5

this motion relates to production of discovery, plaintiff is reminded that discovery is stayed pending the outcome on his motion for reconsideration. Accordingly, plaintiff's request to this Court for discovery is **denied without prejudice** to renew after Judge Wolford lifts the discovery stay.

## Conclusion

For the reasons stated above, plaintiff's motion for appointment of counsel (Docket # 237) and for discovery (Docket # 239) are **denied without prejudice**. To the extent plaintiff's "declaration and memorandum of law in reconsideration motion" (Docket # 247) seeks production of discovery, that motion is **denied without prejudice** to renew.

**SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: February 15, 2018
Rochester, New York